UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FEYH, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO,<br><br>Defendant. | No. 2:16-cv-01274-TLN-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATED NOTICE** |

This matter is before the Court on Plaintiff's Motion for Conditional Certification and Facilitated Notice (ECF No. 84). In the underlying action, Plaintiff alleges Defendant violated the Fair Labor Standards Act by underpaying overtime to its employees because of unlawful exclusions of certain incentives in the calculation of Plaintiff's pay. (Compl., ECF No. 1.) Plaintiff moves to conditionally certify this case as a collective action and facilitate a proposed notice procedure pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to notify potential opt-in plaintiffs in accordance with Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989). Defendant filed a Statement of Non-Opposition (ECF No. 87).

Good cause having been shown, IT IS HEREBY ORDERED THAT:

1. This is a collective action conditionally certified as affecting a group of similarly situated individuals consisting of any and all current or former employees of the City of

1  Sacramento who have worked overtime and received cash payments in lieu of health care benefits
2  within the same pay period at any time since June 10, 2013.

3        2.      Plaintiff Michael Feyh is appointed collective action representative.

4        3.      Plaintiff's counsel, Mastagni Holstedt, APC is appointed counsel for this collective
5  action.

6        4.      The proposed notice to potential collective action members attached as Exhibit A
7  hereto is approved as fair and accurate.

8        5.      Within fourteen (14) days of this Order, Defendant shall distribute the notice,
9  attached as Exhibit A hereto, to all current employees who have worked overtime and received
10 cash payments in lieu of health care benefits within the same pay period at any time since June
11 10, 2013, via the employees' work-issued email addresses.  To simplify this process, Defendant
12 may choose, at its discretion, to send notice to all employees' work-issued email, rather than just
13 those who worked overtime and received cash payments in lieu of health care benefits within the
14 same pay period at any time since June 10, 2013.

15       6.      Within fourteen (14) days of this Order, Defendant shall distribute the notice,
16 attached as Exhibit A hereto, to all former employees who have worked overtime and received
17 cash payments in lieu of health care benefits within the same pay period, and were employed by
18 Defendant since June 10, 2013, by first class mail to the former employees' last known mailing
19 address.  To simplify this process, Defendant may choose, at its discretion, to send notice to all
20 former employees employed since June 10, 2013, by first class mail to their last known mailing
21 address, rather than just those who worked overtime and received cash payments in lieu of health
22 care benefits within the same pay period at any time since June 10, 2013.

23       7.      Within twenty-one (21) days of this Order, Defendant shall provide Plaintiff's
24 counsel with proof of distribution of the notice as set forth above.

25       IT IS SO ORDERED.
26 Dated: December 5, 2016
27
28                              Troy L. Nunley
                             United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

*FEYH, et al. v. CITY OF SACRAMENTO*
Case No. 2:16-cv-01274-TLN-EFB

**IMPORTANT NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

*Please read carefully. Your legal rights may be affected.*

**TO:** Any and all current or former employees of the City of Sacramento who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 10, 2013.

**RE:** LAWSUIT ASSERTING VIOLATIONS OF FEDERAL WAGE LAWS AGAINST CITY OF SACRAMENTO

## INTRODUCTION

This Notice is being sent to you by Order and under supervision of the United States District Court for the Eastern District of California. The purpose of this notice is: (1) to inform you of the existence of a collective action lawsuit filed against the City of Sacramento; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for participating in this lawsuit. You have been sent this notice because employment records indicate that you may be "similarly situated" to the named Plaintiff.

## DESCRIPTION OF LAWSUIT

On June 10, 2016, the named Plaintiff brought this lawsuit against the City of Sacramento on behalf of himself and all current and former City of Sacramento non-exempt employees who have worked overtime for the City and received cash payments in lieu of health care benefits since June 10, 2013. The complaint alleges Plaintiff is entitled to additional overtime pay under the Fair Labor Standards Act (FLSA). The lawsuit alleges the City violated the FLSA by failing to pay Plaintiff the full amount due for all overtime hours worked. The lawsuit alleges the City of Sacramento failed to include these cash payments into the regular rate of pay for purposes of determining overtime compensation resulting in an underpayment of legally required overtime wages. Plaintiff alleges he is entitled to recover unpaid overtime from since June 10, 2013, plus liquidated damages in an equal amount, and attorney fees and costs.   The City of Sacramento denies Plaintiff's allegations and is defending against Plaintiff's claims.

Plaintiff's claims in this action are limited to a two (2) or potentially three (3) year "statute of limitations." If you choose to join this lawsuit, you may be able to recover damages only for overtime hours worked within this time period.

## HOW TO JOIN THIS LAWSUIT

Under the FLSA, "similarly situated" employees may join the existing lawsuit. If you worked for the City of Sacramento at any time since June 10, 2013, and received cash payments in lieu of health care benefits and worked overtime during the same pay period at any time, you may join this lawsuit. Should you wish to join this lawsuit, you must contact Plaintiff's counsel in sufficient time to allow Plaintiff's counsel to file a "Consent to be Included as Individual Plaintiff" form with the court. Plaintiff's counsel's contact information is set forth below.

David E. Mastagni, Esq.

Isaac Stevens, Esq.
Ace T. Tate, Esq.
Mastagni Holstedt, APC
1912 I Street
Sacramento, California 95811

Email: saccityflsa@mastagni.com
Phone: (916) 446-4692
Fax: (916) 447-4614
website: http://www.mastagni.com

If you do not contact Plaintiff's counsel and arrange for them to file a Consent form on your behalf, you may not be able to participate in this lawsuit.

If you choose to join this lawsuit, you will be bound by any judgment or settlement, whether it is favorable or unfavorable. While this lawsuit is proceeding, you may be required to respond under oath to written questions, testify in deposition, and/or testify in court.

Plaintiff's attorneys have taken this case on a contingency fee. They shall advance all reasonable litigation costs and you will not be obligated to reimburse Attorneys for any costs advanced if no recovery is obtained. The attorneys may be entitled to receive attorney fees and costs from the City of Sacramento should there be a recovery or judgment in favor of the Plaintiff. If there is a recovery, Plaintiff's attorneys will apply to receive an award of separate attorney fees, or a percentage of any common fund judgment or settlement obtained in favor of Plaintiff, but not both. If there is no recovery or judgment in Plaintiff's favor, Plaintiff's attorneys will not seek any attorney fees or costs from anyone.

## NO RETALIATION PERMITTED

Under federal law, it is illegal for the City of Sacramento to retaliate against you for joining this lawsuit.

## EFFECT OF NOT JOINING THIS LAWSUIT

If you do not contact Plaintiff's counsel and arrange for them to file a Consent form on your behalf, you will not be joined in this lawsuit and will not be bound by any judgment or

settlement, whether favorable or unfavorable. If you do not join this lawsuit, you will not receive any back overtime wages or other relief from this case if the Plaintiff prevails on his FLSA claims.   Federal law (FLSA) requires that any claims for overtime compensation must be filed, if at all, in a state or federal court within two (2) years (or within three (3) years if the violation was willful as defined by law). Any claims for overtime pay under federal law that are not filed within these limits are likely to be denied as untimely.

## QUESTIONS REGARDING THIS NOTICE

If you have any questions regarding this notice, you may contact Plaintiff's counsel, David E. Mastagni, Esq., Isaac Stevens, Esq., or Ace Tate, Esq. of Mastagni Holstedt, APC.